## HENRY D. WRIGHT *versus* MATTHIAS R. LANCKTON, Administrator.

Where an aggregate body is empowered to grant an authority or privilege, as, for instance, a collegiate degree, and the mode of making such grant or proving the same, is not specially pointed out, a vote by such body that the authority or privilege be granted, is an execution of the power ; and a duly authenticated copy of the vote, sufficient proof of it.

The *St.* 1817, *c.* 131, § 3, [Revised Stat. *c.* 22, § 8,] requiring every person licensed to practise physic and surgery, to deposit a copy of the license with the clerk of the town in which he may reside, does not apply to a person, who has received the degree of doctor of medicine.

The *St.* 1823, *c.* 136, providing that any person who shall be graduated a doctor in medicine in the Berkshire Medical Institution, by the authority of Williams College, shall be entitled to all the rights and privileges granted to the medical graduates of Harvard College, does not apply to one who has only received the honorary degree of doctor of medicine from Williams College without having been educated at the Berkshire Medical Institution.

ASSUMPSIT against the defendant as administrator of the estate of Jeremiah Stevens, of Hancock, in this county, for medical attendance on the intestate and his family, and for

medicine furnished them. The plaintiff resided in New Lebanon in New York.

At the trial, before *Shaw* C. J., the defendant contended, that under *St.* 1817, *c.* 131, § 3 and *St.* 1818, *c.* 113, § 1, the plaintiff was not entitled to recover, because he had not been graduated a doctor of medicine nor licensed to practise medicine within this State.

The plaintiff offered evidence to prove, that the Trustees of Williams College, on the 7th of September, 1831, " voted, that the honorary degree of doctor of medicine be conferred " on the plaintiff. The defendant objected, that this vote merely authorized the president and executive officers of that institution to confer a degree, and that it should have been proved, that this authority had been executed and a degree actually conferred by the execution and delivery of a diploma or other equivalent act. But it was ruled, that the vote of the trustees was competent and sufficient evidence, that the degree had been conferred.

The defendant further contended, that if such degree was to be deemed equivalent to a license, the plaintiff could not avail himself of it, without proving that a copy of the diploma, or other evidence of his having received the honorary degree of doctor of medicine, had been deposited in the office of the town clerk, under the provisions of *St.* 1817, *c.* 131, § 3. But the jury were instructed otherwise.

If either of these directions was erroneous, the verdict, which was for the plaintiff, was to be set aside and a new trial granted.

*Hubbard*, for the defendant.

*Bishop* and *Porter*, for the plaintiff.

*Sept. 20th.*

SHAW C. J. delivered the opinion of the Court. Several questions arose at the trial, which are now waived, and all claim is waived for any services rendered by the plaintiff prior to the 7th of September, 1831, at which time the honorary degree of doctor of medicine was conferred upon him by the Trustees of Williams College.

*Sept. 22d.*

The defence was founded upon *St.* 1817, *c.* 131, modified by *St.* 1818, *c.* 113, prohibiting any person from recovering

Wright
v.
Lanckton.

by law, a compensation for medical services, who had not been licensed by the Massachusetts Medical Society, or graduated as a doctor of medicine at Harvard College. By a statute subsequently passed, *St.* 1823, *c.* 136, all the rights, privileges and immunities were given to certain graduates of Williams College, which had before been granted to medical graduates of Harvard College.

An exception was taken by the defendant to the proof offer· ed by the plaintiff to show that he had received such a degree. At a regular meeting of the trustees, (with whom, without further sanction, rests the authority to confer all degrees,) it was voted that the honorary degree of doctor of medicine be con ferred &c. It was objected, that this was prospective and not complete ; that it was a determination that a degree should be conferred, but did not confer it ; that it was rather an authority to the president and other competent officers, to confer the degree, than the definitive act conferring it. But the Court are of opinion, that this exception was rightly overruled, and that the evidence is competent. When an aggregate body is authorized to made an appointment or grant an authority or privilege, and no mode is specially directed, in which it shall be done, or by which it shall be proved, a vote that the act be done, or the right granted, is an execution of the power ; and a duly authenticated copy of the vote, sufficient proof of it. A public annunciation or a diploma, may be extremely suitable and appropriate modes of declaring and giving notoriety to the act, but they are not necessary. *Marbury* v. *Madison*, 1 Cranch, 137.

Another exception was taken, namely, that the diploma, vote or other act of the trustees, should have been recorded in the town clerk's office. This is founded on *St.* 1817, *c.* 131, § 3, which provides, that any person licensed to practise physic or surgery, shall deposit a copy of such license &c. The statute had previously provided, that the practitioner must either have been licensed, in the manner therein mentioned, or have had a degree. The Court are of opinion, that the obvious and literal construction is the true one, that is, that it applies only to the case of a license, and

not to that of a degree. There is an obvious reason for this distinction. The license may be granted by three censors, and is comparatively a private act. A degree is, in common course, publicly announced, with considerable ceremony, before an assembly of literary and professional men, and published in the catalogue of the college.

But upon another ground, the Court are of opinion, that the plaintiff does not bring himself within the provisions of the *St.* 1823, *c.* 136. On recurring to the statute, it is provided, that any person who shall be graduated a doctor in medicine in the Berkshire Medical Institution, by the authority of Williams College, shall be entitled to all the rights &c. granted to the Medical graduates of Harvard College. The plaintiff, having received an honorary medical degree at Williams College, does not bring himself within the letter or spirit of this provision. Williams College has the general power of colleges, to confer degrees, but has no medical faculty, or regular school of medicine, attached to it. The Berkshire Medical Institution is incorporated by law, is a regular school of medicine, but has not, by law, the authority to confer degrees. The manifest intention of the legislature was, to insure to the citizens of this Commonwealth, the professional services of a body of men, who at least have had the means of being carefully trained in the theory and practice of their profession, in a school of recognized character and reputation, under teachers of known science and experience. We think therefore it was the manifest intent of the legislature, to provide that the candidate should have been educated in the Berkshire Medical Institution, and that his claims to the degree of doctor in medicine should have been sanctioned by Williams College. Both of these must concur, to entitle him to the privileges given by the statute. The college would still have the right, under its general powers, to grant medical degrees to others than the students at that institution ; and this power might be very judiciously exercised, by giving an honorary degree to a man who had made great advancement in science, though not the least qualified by his education and habits for the common practice of the profession. As it appears that the plaintiff had an honorary degree only from Williams College, and had not

Wright
*v.*
Lanckton

been educated at the Berkshire Medical Institution, he is not within the statute, and not entitled to recover.*

*New trial granted.*

---

* This question has ceased to be of any importance for the future, because these statutes prohibiting unlicensed practitioners from recovering their fees are repealed by the operation of the Revised Statutes. *Reporter*